E-FILED
Wednesday, 30 January, 2008  02:11:26 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TROY LEONBERGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3166 |
| | ) | |
| JOEL BRUNSVOLD, | ) | |
| ROD BLAGOJEVICH, SAM FLOOD, | ) | |
| MICHELLE CUSAMANO, | ) | |
| and CHARLES REDPATH, all | ) | |
| individually and as employees and | ) | |
| officials of the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants Joel Brunsvold, Sam Flood, Michelle Cusamano, and Charles Redpath's Motion to Dismiss (d/e 12) and Defendant Rod Blagojevich's Motion to Dismiss (d/e 18). Plaintiff Troy Leonberger filed a Response to Motion to Dismiss of All Defendants (d/e 22) (Response).  For the reasons stated below, the Motions to Dismiss are allowed.  The official liability claims are dismissed with prejudice, and the individual liability claims are dismissed with leave to re-plead.

<u>FACTS</u>

Plaintiff is an Illinois Department of Natural Resources (IDNR) employee.   At some point, Plaintiff applied for the IDNR position of Captain of Region V.  According to the Complaint (d/e 1), the IDNR and the Illinois Department of Central Management Services (CMS) determined that the position was "Rutan protected," or protected from layoff, hiring, or discharge based on political considerations.  Additionally, the Complaint indicates that Plaintiff met every legitimate performance expectation for the position.  Plaintiff alleges, however, that on July 1, 2005, he was advised that "due to political considerations," the position would be "given to someone else who was affiliated with or supported by the political party of the Blogojevich [sic] administration."  <u>Complaint</u>, ¶ 13.

Defendant Rod Blagojevich is the Governor of Illinois.  Defendants Joel Brunsvold, Sam Flood, Michelle Cusamano, and Charles Redpath are all IDNR employees.  Plaintiff's Complaint does not indicate who made the decision not to award him the Captain position or who informed him of the decision.   It does state, however, that "the Defendants" lacked any legitimate basis for denying Plaintiff the position and did so only because he was not a supporter of Defendant Blagojevich or the Democratic Party

of Illinois.  Id. ¶¶ 15, 18.

On June 27, 2007, Plaintiff filed this action under 28 U.S.C. § 1983. In Count I, Plaintiff alleges that Defendants violated his First Amendment rights of free speech and free association by denying him the Captain of Region V position.  In Count II, he alleges a Fourteenth Amendment violation, arguing that the Illinois Personnel Code and/or the Illinois Employee Personnel Rules afforded him a property interest in the Captain of Region V position and that Defendants denied him the position without affording him due process.

All Defendants have moved to dismiss.  While Defendant Blagojevich filed a separate Motion, he asserts and adopts the arguments advanced in the other Defendants' Motion.  Thus, the Motions to Dismiss involve the same legal issues.  The Defendants have advanced seven separate arguments for dismissal.

<u>ANALYSIS</u>

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the

3

Court must dismiss.  <u>EEOC v. Concentra Health Svs., Inc.</u>, 496 F.3d 773, 777 (7th Cir. 2007) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007)).  For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint and draw all reasonable inferences in favor of the non-moving party.  <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996).  Here, the Court accepts as true the allegations in Plaintiff's Complaint.

I.   <u>COUNT I</u>

In their Motions to Dismiss, Defendants assert that the Court should dismiss Count I, alleging a First Amendment violation, because: (a) the position of Captain of Region V is <u>Rutan</u>-exempt, and thus applicants' political affiliations were proper matters for consideration; (b) the Eleventh Amendment bars Plaintiff's claim against Defendants in their official capacities; (c) the Complaint does not provide adequate notice of Plaintiff's claims; and (d) Defendants are entitled to qualified immunity.  The Court resolves these four issues as follows.

A.     <u>Rutan Status</u>

Defendants urge the Court to consider the position description for the Captain of Region V position and conclude that this position was <u>Rutan</u>-exempt, making consideration of Plaintiff's political views within bounds. On a motion to dismiss, the Court is permitted to consider documents outside the pleadings if the documents are public records or central to the plaintiff's claims.  <u>Riley v. Blagojevich</u>, 425 F.3d 357, 361 (7th Cir. 2005); <u>Henson v. CSC Credit Servs.</u>, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff argues, however, that the position description Defendants filed as Exhibit 1 to the Memorandum of Law in Support of Defendants' Motion to Dismiss (d/e 13) is unreliable because the description includes three different identification numbers in reference to the Captain position: 09330 12 34 500 00 01; 40070-12-34-500-00-01; and 40070-12-81-500-00-01.  After reviewing the three "Position Action Notice" pages of the description (the only pages containing the second two numbers), the Court is unable to tell how these pages relate to the first two pages, on which a narrative description of the position's responsibilities and duties is set forth. <u>See</u> <u>Memorandum of Law in Support of Defendants' Motion to Dismiss (d/e 13)</u>, Exhibit 1, <u>Position Description</u>.

It is possible that the two additional numbers reflect changes in administrative record keeping. Id., at 3. For example, prior to 1993, the Captain of Region V position may have been titled Conservation Police Captain and numbered 09330 12 34 500 00 01, but on August 1, 1993, the position may have been renamed Senior Public Service Administrator and renumbered 40070-12-34-500-00-01. Id. This is only speculation, however. Moreover, because the two pages of Exhibit 1 containing the narrative description of the position refer to the position as Conservation Police Captain, 09330 12 34 500 00 01, the Court has no way of knowing at this stage whether the subsequent changes also modified the narrative description. Thus, the Court concludes that it cannot rely at this point on the position description filed by Defendants in determining whether to dismiss Count I.[1] The Court will not consider it at this stage. Because Defendants' argument for Rutan-exemption is based entirely on this description, it does not provide a basis for dismissing Count I.

B.   Eleventh Amendment

Defendants argue that the Eleventh Amendment bars Plaintiff's Count

---

[1]The Court notes, however, that it is not holding that this position description is "systematically unreliable" as the Seventh Circuit interprets that term. See Moss v. Martin, 473 F.3d 694, 699 (7th Cir. 2007); Riley, 425 F.3d at 360.

I claim for injunctive and declaratory relief.  Plaintiff fails to address Defendants' position, and the Court finds merit in their argument.  "In the absence of a valid waiver of immunity or a statute overriding the state's immunity, the state as such may not be sued in federal court."  Ryan v. Ill. DCFS, 185 F.3d 751, 758 (7th Cir. 1999) (internal citation omitted). Section 1983 did not abrogate the states' traditional sovereign immunity. Will v. Mich. Dept. of State Police, 491 U.S. 58, 66-67 (1989).  Moreover, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Id. at 71. Thus, for Eleventh Amendment purposes, it is treated as a suit against the state.  Id.  State officials sued in their official capacities are entitled to the same immunity afforded the state itself.

Plaintiff's Complaint specifies that all Defendants are sued in their official capacities regarding injunctive and declaratory relief.  Complaint, ¶¶ 2-6.  Count I seeks both injunctive relief and compensatory damages, but for this sovereign immunity issue, only the prayers for injunctive relief are relevant.  Plaintiff seeks a permanent injunction prohibiting Defendants from terminating him, a permanent injunction ordering Defendants to award him the position of Captain of Region V, and an injunction

prohibiting Defendants from taking any action against Plaintiff in retaliation for the filing of this suit.  Complaint, ¶ 19.

In Ex parte Young, the Supreme Court created an exception to the general principle of sovereign immunity by holding that "the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law." Green v. Mansour, 474 U.S. 64, 68 (1985) (discussing Ex parte Young, 209 U.S. 123 (1908)).  This exception applies to cases in which the state official continues to violate federal law, "as opposed to cases in which federal law has been violated at one time or over a period of time." Papasan v. Allain, 478 U.S. 265, 277-78 (1986).  If relief is intended to compensate for a past injury by a state official, it does not fit within this exception, even if it is styled as prospective relief.  Id. at 278; Green, 474 U.S. at 68.

Defendants argue that while Plaintiff's requests for injunctions prohibiting or ordering future action are styled as prospective relief, they really are aimed at compensating him for the past failure to award him the position of Captain of Region V, a wrong that cannot be considered an ongoing violation of federal law.  See Memorandum of Law in Support of Defendants' Motion to Dismiss, at 7.  Defendants are correct.  The only

constitutional violation alleged in Count II is the failure to award Plaintiff the position of Captain of Region V based on improper political considerations. The Complaint does not allege that this is a continuing violation; it alleges that at some point before July 1, 2005, unnamed individuals decided not to award this position to Plaintiff. This does not amount to an ongoing violation of federal law. Thus, Defendants are immune from suit in their official capacities based on the claim in Count I. The Court dismisses Count I with prejudice to the extent that it seeks injunctive relief.

C.   Adequate Notice

The Court also holds that the Complaint fails to provide Defendants adequate notice of Plaintiff's Count I allegations. Because the Court has dismissed that portion of Count I alleging official liability, it will address only individual liability. For the following reasons, it dismisses the personal liability allegations of Count I without prejudice.

Preliminarily, the Court rejects Defendants' argument that Count I fails to place them on notice that some specific speech or conduct by Plaintiff prevented him from receiving the Captain of Region V position. In Kyle v. Morton High School, the Seventh Circuit affirmed the dismissal

of a plaintiff's allegation that he was terminated "for political and advocacy reasons" in violation of the First Amendment. <u>Kyle</u>, 144 F.3d 448, 454 (7th Cir. 1998). The Court explained:

> Yet nowhere in his sparse complaint does he mention that he uttered any protected speech or engaged in any protected conduct or "activity" for which he was allegedly fired. The board member who advised him that his termination was for "political and advocacy" reasons apparently did not say "whose" reasons. This glaring gap in the complaint leaves total speculation as the only alternative for the court to come up with any set of facts justifying relief. That is not the court's job.

<u>Id.</u> The same is not true of Plaintiff's Complaint. Plaintiff argues that he was denied the position of Captain of Region V because "he was not a supporter of Governor Blagojevich and the Democratic Party of Illinois." <u>Complaint</u>, ¶ 18. The Complaint at least alleges that Plaintiff refused to engage in some speech or conduct, for which he was denied the position. Under the liberal pleading requirements of Federal Rule of Civil Procedure 8, this provides Defendants fair notice of Plaintiff's claim "and the grounds upon which it rests." <u>Bell Atlantic</u>, 127 S.Ct. at 1964.

However, Count I fails to allege personal involvement by any of the Defendants. Individual liability under § 1983, no matter what the constitutional theory, must be based on personal responsibility. <u>Schultz v.</u>

Baumgart, 738 F.2d 231, 238 (7th Cir. 1984).  "An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."  Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986) (emphasis in original) (internal quotation marks omitted).  The Defendants may be held individually liable if they: (1) participated directly in the alleged constitutional deprivations; (2) acted or failed to act with reckless disregard of Plaintiff's constitutional rights; or (3) directed the conduct that violated Plaintiff's constitutional rights or knew of it and consented to it.  Id. at 274; Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

Plaintiff's Count I fails to allege personal responsibility.  In Count I, Plaintiff refers to the "acts or omissions of the defendants as alleged herein," "the actions of defendants as alleged above," and "the conduct of the defendants as alleged above."  Complaint, ¶¶ 14, 16, 17.  Yet, nowhere does Plaintiff actually allege any acts, omissions, or conduct on the part of Defendants, much less acts, omissions, or conduct that can be read as the cause of or a participation in the violation of Plaintiff's First Amendment rights.  Thus, the Court dismisses Count I without prejudice.

D.    Qualified Immunity

Defendants also assert that they are entitled to qualified immunity against Plaintiff's Count I allegations.  "Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 471 (7th Cir. 1997) (internal quotation marks omitted).  Defendants' argument for immunity is based, however, on the position description the Court has determined it cannot consider at this time.  Thus, the Court will not address Defendants' Count I qualified immunity argument.

II.    COUNT II

In their Motions to Dismiss, Defendants assert that the Court should dismiss Count II, alleging a Fourteenth Amendment due process violation, because: (a) Plaintiff had no property interest in the Captain of Region V position; (b) the Complaint does not provide adequate notice of Plaintiff's Count II claims; and (c) Defendants are entitled to qualified immunity.  The Court holds as follows.

12

A.    Property Interest

Plaintiffs argue that Count II fails to state a claim on which relief can

be granted because Plaintiff cannot establish a property interest in the

position of Captain of Region V.

> The due process clause of the Fourteenth Amendment forbids a
> state to deprive anyone of life, liberty, or property without due
> process of law.  To make out a case under the clause one must
> therefore show first that one was deprived of life, liberty, or
> property, and second that the deprivation was brought about
> without due process of law.

Bigby v. City of Chicago, 766 F.2d 1053, 1056 (7th Cir. 1985).  Count II

does not mention a deprivation of life or liberty, and the Court finds that

it does not sufficiently allege a deprivation of property.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, a plaintiff's obligation to provide

the grounds of his entitle[ment] to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action

will not do."  Bell Atlantic, 127 S. Ct. at 1964-65 (internal citations and

quotation marks omitted).  In Count II, Plaintiff asserts, "Prior to filling the

position of Captain of Region V Plaintiff had a property interest in the

position pursuant to the Illinois Personnel Code and/or the Illinois

13

Personnel Rules." <u>Complaint</u>, at ¶ 20.  In his Response, he adds only that "[i]f the position was not Rutan exempt Plaintiff would have protected property interest." <u>Response</u>, at 13.

Rule 8 requires more than a "blanket assertion" that the Plaintiff is entitled to relief. <u>Bell Atlantic</u>, 127 S. Ct. at 1965 n.3.  "[A]t some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." <u>Airborne Beepers & Video, Inc. v. AT&T Mobility LLC</u>, 499 F.3d 663, 667 (7th Cir. 2007).  Here, Plaintiff's Complaint raises only a blanket assertion that he had a property interest in the position of Captain of Region V.  He points to no particular section of the Illinois Personnel Code or the Illinois Personnel Rules establishing that interest, and his statement that his property interest existed if the position was not <u>Rutan</u>-exempt is similarly vague.

Plaintiff fails to identify any specific grounds entitling him to the position, which is particularly fatal given that the Seventh Circuit has rejected Plaintiff's most obvious theory.  The Seventh Circuit has held that unless fixed rules create an automatic entitlement to a promotion, government employees have no property interest in one.  <u>Bigby</u>, 766 F.2d

14

at 1057, 1060.  Plaintiff has pointed to no fixed rules.  "Given our adversary system of litigation, [i]t is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."  Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir. 1996).

Because Plaintiff fails to provide Defendants notice of the theory on which his claim is based, this Count is dismissed, without prejudice.  If Plaintiff chooses to replead, he must identify specific "rules or mutually explicit understandings" that support his claim of entitlement to the position of Captain of Region V.  See Perry v. Sindermann, 408 U.S. 593, 601 (1972).

    B.    Personal Involvement

Defendants also argue that Count II should be dismissed because the Complaint does not allege personal involvement by any of the Defendants in the asserted due process violation.  Defendants are each sued in their official and individual capacities, but the Complaint specifies that each Defendant is sued in his or her official capacity only for injunctive and declaratory relief.  Complaint, ¶¶ 2-6.  Because Count II prays only for damages, Defendants' personal involvement argument applies solely to

individual liability.

As noted above, individual liability under § 1983 must be based on personal responsibility; an individual cannot be liable unless he caused or participated in an alleged constitutional deprivation. <u>Schultz</u>, 738 F.2d at 238; <u>Rascon</u>, 803 F.2d at 273. Count II fails to allege personal responsibility on the part of any Defendant. It states: "Acting under color of law Defendants failed to award the position to Plaintiff without affording any due process." <u>Complaint</u>, ¶ 22. This is not sufficient; it is not even an allegation that Defendants "caused or participated in" a decision not to hire or transfer Plaintiff to this position. Plaintiff alleges in his Response that Defendants "set in motion the decision not to allow Plaintiff to obtain a position because of his political affiliation, or lack thereof." <u>Response</u>, at 12. This comes closer to meeting the standard, but it is not included in the Complaint.

Count II does not allege personal responsibility, and the Court finds this failure to be an independent ground for the dismissal of the personal liability allegations. If Plaintiff chooses to re-plead, he must include some allegation of personal involvement by each Defendant, and the Court cautions that "more than labels and conclusions" is required. <u>Bell Atlantic</u>,

127 S. Ct. at 1964-65 (internal citations and quotation marks omitted).

    C.    <u>Qualified Immunity</u>

Finally, Defendants assert that the doctrine of qualified immunity provides grounds for dismissal of Count II.  Because this issue is not yet timely, and because the Court has already determined to dismiss Count II on unrelated grounds, the Court will not address the substance of Defendants' Count II qualified immunity argument.

THEREFORE, Defendants Joel Brunsvold, Sam Flood, Michelle Cusamano, and Charles Redpath's Motion to Dismiss (d/e 12) and Defendant Rod Blagojevich's Motion to Dismiss (d/e 18) are ALLOWED. Count I's allegations of official liability are dismissed with prejudice; Count I's allegations of personal liability and Count II are dismissed without prejudice.  Plaintiff is given leave to file an amended complaint, consistent with this Opinion, on or before February 22, 2008.

IT IS THEREFORE SO ORDERED.

ENTER:   January 29, 2008

       FOR THE COURT:

                  _____s/  Jeanne E. Scott_____
                  JEANNE E. SCOTT
                  UNITED STATES DISTRICT JUDGE